1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   MARLON JESSIE BLACHER,          )        NO. CV 16-2434-GW (AGR)
                                     )
12           Petitioner,             )
                                     )
13                                   )        OPINION AND ORDER
             v.                      )        DISMISSING PETITION FOR
                                     )        WRIT OF CORAM NOBIS FOR
14   JOSIE GASTELO,                  )        LACK OF SUBJECT MATTER
                                     )        JURISDICTION
15           Respondent.             )
                                     )
16                                   )
                                     )
17  _____)

18        On April 8, 2016, Petitioner filed a Petition for Writ of Error Coram Nobis

19  ("Petition").

20        Petitioner, who is incarcerated in state prison, filed a replevin action in San

21  Luis Obispo County Superior Court against the Warden and the "Secretariat of

22  the United Nations."  (Petition at 2.)  The Notice and Petition for Replevin

23  ("Notice"), which is attached to the Petition, states that Petitioner was convicted

24  and sentenced to 25 years to life in Contra Costa County Superior Court.  (Notice

25  at 2.)  Petitioner contends that his captivity "is unlawful on its face" and cites his

26  habeas proceeding in the Northern District of California, *Blacher v. McEwen*, C

27  12-4775 RMW (PR).  (*Id.*)  The court takes judicial notice of the Order Denying

28  Petition for Writ of Habeas Corpus in that habeas proceeding.  Fed. R. Evid. 201.

1  The Order recites that Petitioner was sentenced to 25 years to life after being

2  convicted of first degree felony murder, two counts of attempted second degree

3  robbery and second degree commercial burglary.  *Blacher*, 2015 U.S. Dist. LEXIS

4  128213, *2 (N.D. Cal. Sept. 22, 2015).  In the Notice, Petitioner contends that the

5  prosecution concealed "the available option of commercial discharge re the

6  charges of the aforementioned trial proceedings" instead of "physical captivity."

7  (Notice at 3.)  This alleged fraud renders the trial proceedings "null and void ab

8  initio" and renders Petitioner's physical captivity invalid.  (*Id.* at 3-4.)  Petitioner's

9  prison trust account is therefore fraudulent.  (*Id.* at 4.)  Petitioner attaches his

10 Abstract of Judgment, which provides that Petitioner owes restitution and court

11 security fee.  (Exh. A to Petition.)

12     On January 29, 2016, the Superior Court issued a "'Denial of Petition for

13 Writ of Replevin and Affirmance of Administrative Review Pursuant to Title 15,

14 California Code of Regulations, Section 3084.6(b)(2)."  (Petition at 2.)  Petitioner

15 contends that the Superior Court erred in various respects.  (*Id.*; Petition, Memo.

16 at 2.)  Petitioner argues that the state court judgment is void.  (*Id.* at 4.)

17     The Petition requests a judgment (1) dissolving the prison trust account

18 and (2) "nullifying the seizure presently perpetrated against the Undersigned."

19 (Petition at 3.)

20     "'[T]he writ of error coram nobis is a highly unusual remedy, available only

21 to correct grave injustices in a narrow range of cases where no more

22 conventional remedy is applicable.'"  *United States v. Chan*, 792 F.3d 1151, 1153

23 (9th Cir. 2015).  Federal Rule of Civil Procedure 60(b) abolished the writ of coram

24 nobis in civil cases.  The extraordinary writ still provides a remedy in post

25 conviction proceedings in federal criminal cases when no other relief is available.

26 *United States v. Crowell*, 374 F.3d 790, 794 (9th Cir. 2004); *Hirabayashi v. United*

27 *States*, 828 F.2d 591, 604 (9th Cir. 1987).

28     Coram nobis relief is not available in federal court to attack a state court

2

1  conviction or judgment.  *See Hensley v. Municipal Court*, 453 F.2d 1252, 1252

2  n.2 (9th Cir. 1972), *rev'd on other grounds*, 411 U.S. 345 (1973) (federal coram

3  nobis relief not available to challenge state court conviction; coram nobis "lies

4  only to challenge errors occurring in the same court"); *see also Finkelstein v.*

5  *Spitzer*, 455 F.3d 131, 134 (2d Cir. 2006) (district courts lack jurisdiction to issue

6  writs of coram nobis to set aside judgments of state courts).

7        Accordingly, the court does not have subject matter jurisdiction over the

8  Petition and the Petition is dismissed without prejudice.  The court declines to

9  construe the Petition as a petition for writ of habeas corpus and transfer it to the

10  Northern District of California because it would be a second or successive

11  petition.  The court has taken judicial notice of the Order Denying Petition for Writ

12  of Habeas Corpus in Petitioner's habeas proceeding in the Northern District of

13  California.  "Before a second or successive application . . . is filed in the district

14  court, the applicant shall move in the appropriate court of appeals for an order

15  authorizing the district court to consider the application."  28 U.S.C. §

16  2244(b)(3)(A).  A district court does not have jurisdiction to consider a "second or

17  successive" petition absent authorization from the Ninth Circuit.  *Burton v.*

18  *Stewart*, 549 U.S. 147, 152 (2007).  Petitioner has not obtained the requisite

19  authorization from the Ninth Circuit to file a second or successive habeas

20  petition.[1]

21        For the foregoing reasons, the Court DISMISSES this action without

22  prejudice.

23

24  DATED:  April 29, 2016           *George H. Wu*

25                  GEORGE H. WU
                United States District Judge

26

27       [1]  Outside of the habeas context, Petitioner's request that the state court judgment be deemed null and void is barred by the *Rooker Feldman* doctrine.

28  *See, e.g., Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284 (2005)).